UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT J. TOMLINSON, M.D.                                              PLAINTIFF

v.                          Case No. 5:19-cv-05114

ALEX M. AZAR, II, Secretary of the
United States Department of Health and
Human Services                                                         DEFENDANT

## OPINION AND ORDER

Plaintiff Robert J. Tomlinson, M.D. brings this action pursuant to the provisions of Title XVIII of the Social Security Act, 42 U.S.C. § 1395, (the "Medicare Act"), alleging Defendant Alex M. Azar, II improperly denied his application for Medicare billing privileges. Plaintiff filed a motion (Doc. 30) for summary judgment, a brief (Doc. 31), and statement of facts (Doc. 32) in support. Defendant filed a response (Doc. 37) in opposition. Defendant separately filed a motion (Doc. 34) for judgment on the record and a brief (Doc. 35) in support, to which Plaintiff filed a response (Doc. 38) in opposition. Defendant also filed an administrative record pursuant to 42 U.S.C. § 405(g). (Docs. 23-1—23-4). For the reasons set forth below, Defendant's motion (Doc. 34) for judgment on the record will be GRANTED and Plaintiff's motion (Doc. 30) for summary judgment will be DENIED.

I.     MEDICARE LAW

Under the Medicare program, a "supplier" is a physician or other medical practitioner who furnishes health care services. 42 C.F.R. § 400.202. To participate in the Medicare program as a supplier and receive reimbursements for Medicare services, a physician must enroll in the Medicare program and obtain billing privileges. 42 C.F.R. §§ 424.505, 424.510. The Secretary of Health and Human Services determines who is eligible to participate in the Medicare program.

1

42 U.S.C. § 1395hh(a)(1); 42 U.S.C. § 1395cc(j). The Secretary has delegated the authority to evaluate enrollment applications to the Centers for Medicare & Medicaid Services ("CMS"). CMS contracts with various private entities, known as Medicare Administrative Contractors ("MACs"), to review provider enrollment applications and determine eligibility.

Once a supplier is enrolled in the Medicare program, CMS may revoke his or her enrollment for various reasons, including, but not limited to instances where the supplier commits a felony, abuses billing privileges, or provides false or misleading information on the enrollment application. 42 C.F.R. § 424.535(a). If a supplier's enrollment is revoked, the supplier is barred from participating in the Medicare program for a minimum of one year but not more than three years. 42 C.F.R. § 424.535(c). If a supplier seeks to re-enroll after the re-enrollment bar expires, the supplier must complete a new enrollment application. 42 C.F.R. § 424.535(d). Under 42 C.F.R. § 424.530(a), "CMS may deny a . . . supplier's enrollment in the Medicare program" if the supplier "was, within the preceding 10 years, convicted . . . of a Federal or State felony offense that CMS determines is detrimental to the best interests of the Medicare program and its beneficiaries." 42 C.F.R. § 424.530(a)(3). Offenses that are detrimental to the best interests of the Medicare program include "[a]ny felonies that would result in mandatory exclusion under section 1128(a) of the [Social Security] Act." 42 C.F.R. § 424.530(a)(3)(i)(D). Under section 1128, any person who has been convicted of felony health care fraud must be excluded from participating in any Federal health care program. 42 U.S.C. § 1320a-7(a)(3).

## II. BACKGROUND

Plaintiff is an Arkansas-licensed physician specializing in orthopedic surgery. On April 2, 2010, Plaintiff pled guilty to one count of health care fraud in violation of 18 U.S.C. § 1347 for submitting false claims for surgical procedures he did not perform. Following his guilty plea,

Plaintiff was sentenced to five months imprisonment, three years of supervised release, and was ordered to pay $66,497.34 in restitution. As a result of his guilty plea, the State of Arkansas revoked Plaintiff's license to practice medicine on January 11, 2010. Plaintiff's Medicare billing privileges were revoked in August 2010 with a one-year enrollment bar.

On December 5, 2011, the State of Arkansas reinstated Plaintiff's license without any restrictions. On October 6, 2016, the Department of Health and Human Service's Office of the Inspector General ("OIG") reinstated his eligibility to participate in federal health care programs. On March 1, 2017, Plaintiff reapplied for enrollment as a supplier in the Medicare program. Novitas Solutions, LLC ("Novitas"), a MAC, reviewed Plaintiff's re-enrollment application. On May 22, 2017, Novitas notified Plaintiff by letter that his Medicare enrollment application had been denied for two reasons. First, pursuant to 42 C.F.R. § 424.530(a)(3), Plaintiff's felony health care fraud conviction was detrimental to the Medicare program and its beneficiaries. Second, citing 42 C.F.R. § 424.530(a)(4), Novitas determined that Plaintiff submitted false or misleading information with his re-enrollment application by failing to disclose that his license had been revoked.

On May 31, 2017, Plaintiff sought timely reconsideration of Novitas's decision to CMS's Provider Enrollment & Oversight Group. In a letter dated August 29, 2017, CMS issued its decision and upheld Novitas's denial. CMS reasoned that "certain offenses" listed under 42 C.F.R. § 424.530(a)(3)(i) are *per se* detrimental to the Medicare program." (Doc. 23-4, p. 4).[1] Because Plaintiff's felony conviction was explicitly identified in the definition of detrimental offenses,

---

[1] CMS also noted that even if not per se detrimental, Plaintiff's felony was still properly considered detrimental to the Medicare program because his conviction directly defrauded the Medicare program, involved dishonesty, and called his trustworthiness and veracity into question. (Doc. 23-4, pp. 4-5).

CMS determined Novitas had the authority to deny his application on that basis. CMS also upheld Novitas's denial under 42 C.F.R. § 424.530(a)(4) for Plaintiff's failure to disclose adverse legal actions.

Plaintiff timely appealed and requested that an administrative law judge (ALJ) review CMS's decision. On April 25, 2018, the ALJ ruled against Plaintiff, finding that CMS "had a legitimate basis to deny [Plaintiff's] enrollment application based on his felony conviction for health care fraud" pursuant to 42 C.F.R. § 424.530(a)(3). (Doc. 23-1, p. 7). The ALJ made no finding with respect to Plaintiff's failure to disclose adverse legal actions. (*Id.*). On June 22, 2018, Plaintiff appealed the ALJ's decision to the Departmental Appeals Board ("DAB"). The DAB ruled against Plaintiff, finding that it had "no authority to overturn the ALJ's decision to uphold CMS's determination . . . to deny [Plaintiff's] application to re-enroll in the Medicare program based on his conviction of felony health care fraud within the 10-year period preceding his application." (Doc. 23-1, p. 16).

On February 2, 2019, Plaintiff initiated this action in the United States District Court for the District of Columbia seeking judicial review of the DAB's decision. The District Court for the District of Columbia transferred the case to this Court on June 20, 2019. Plaintiff argues that the Secretary's failure to follow mandatory agency guidance or explain his failure to do so was arbitrary and capricious and therefore warrants reversal. The parties have each filed dispositive motions and briefed their respective arguments, Defendant filed an administrative record (Doc. 23), and this matter is now ripe for review.

### III. STANDARD OF REVIEW

The Medicare Act establishes that a supplier of medical services is entitled to judicial review of a decision denying participation in the program. 42 U.S.C. § 405(g); 42 U.S.C. §

1395cc(h)(1)(A). "Under § 405(g), [the Court] considers whether the Secretary's decision is supported by substantial evidence on the record as a whole and whether it correctly applied the relevant legal standards." *Kearney Reg'l. Med. Ctr., LLC v. United States Dep't. of Health and Human Servs.*, 934 F.3d 812, 815 (8th Cir. 2019) (citing *Beeler v. Astrue*, 651 F.3d 954, 959 (8th Cir. 2011)). "Substantial evidence is more than a scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The Court's review is limited to the pleadings and the transcript of the record. 42 U.S.C. § 405(g).

Ordinarily, the construction of a regulation by an agency tasked with its administration should be afforded deference. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997) (citation omitted). "This is particularly true when the case involves a complex and highly technical regulatory program, such as Medicare, which demands the exercise of judgment grounded in policy concerns." *Unity HealthCare v. Azar*, 918 F.3d 571, 577 (8th Cir. 2019) (internal alterations and citation omitted). Where a regulation is ambiguous, [the Court] "must uphold an agency's interpretation of its own regulation unless that interpretation is plainly erroneous or inconsistent with the regulation." *Id.* at 578 (citation omitted). However, if a regulation's meaning is plain on its face and unambiguous, no deference is warranted, and the regulation is construed as written. *Christensen v. Harris Cty.*, 529 U.S. 576, 588 (2000).

## IV.  DISCUSSION[2]

Plaintiff argues that the agency's decision is arbitrary and capricious because CMS failed

---

[2] CMS denied Plaintiff's enrollment application pursuant to 42 C.F.R. § 424.530(a)(3) (prior felony conviction) and (a)(4) (failure to report licensing action). Though the ALJ affirmed CMS's decision, it only considered whether denial was appropriate under § 424.530(a)(3). Thus,

to follow allegedly mandatory guidance found in a Medicare Program Integrity Manual ("MPIM"). CMS issued the MPIM to assist MACs in evaluating Medicare enrollment applications. *See* MPIM, CMS Pub. 100-08, Ch. 15 § 15.1. According to Chapter 15.5.3.1, MACs "shall" utilize an Adverse Legal Action Decision Tree ("Decision Tree"), produced by CMS, as a guide when considering whether an adverse legal action (such as a past felony conviction) should bar an applicant from enrollment. *Id.* at § 15.5.3.1. Plaintiff argues that because the language in 42 C.F.R. § 424.530(a)(3) is permissive (it states that CMS *may* deny enrollment) it is "completely ambiguous as to how [CMS's] discretion should be applied." (Doc. 31, p. 6). Because the regulation is ambiguous as to how discretion should be applied, the Court should defer to CMS's decision to issue the MPIM and the interpretations contained within it. The Court disagrees.

At the outset, the Court finds that the language of 42 C.F.R. § 424.530(a)(3) is unambiguous. Plaintiff's argument that the regulation is ambiguous is premised on its permissive character. A regulation or statute is not ambiguous simply because it includes the word "may." *See Christensen*, 529 U.S. at 588. ("The regulation in this case, however, is not ambiguous—it is plainly permissive."). The regulation does extend CMS discretion, but the regulation provides clear guidance for certain instances where a supplier's application should be denied. For example, section 424.530(a)(3) permits CMS to deny enrollment to a supplier if that supplier has been convicted of a felony that is detrimental to the Medicare program. Under 42 C.F.R. § 424.530(a)(3)(i)(D), a felony which results in mandatory exclusion from the Medicare program under section 128 of the Act—such as felony health care fraud—is detrimental to the program. CMS interpreted the regulation as written and reached a decision entirely consistent with that

---

the Court's review is limited to whether CMS's denial was appropriate based on Plaintiff's health care fraud conviction.

regulation. Thus, it was permissible for CMS to deny Plaintiff's enrollment application based on his health care fraud conviction based only on the language of 42 C.F.R. § 424.530(a)(3).

However, even if the regulation were ambiguous, the result would be the same. When reconsidering Novitas's decision, CMS determined Plaintiff's felony was "*per se* detrimental" to the Medicare program pursuant to § 424.530(a)(3)(i)(D). (Doc. 23-4, p. 4). Interpreting this regulation in this manner—that is, considering those offenses articulated in (a)(3)(i)(D) as "per se detrimental"—appears consistent with the regulation's text. Plaintiff offers no evidence that this interpretation is administered inconsistently or arbitrarily on a case-by-case basis. Thus, because CMS's interpretation is consistent with the regulation's language, the Court affords this interpretation substantial deference. *See Unity HealthCare v. Azar*, 918 F.3d at 578. Moreover, this interpretation eliminates any alleged ambiguity with respect to how CMS applies its discretion—if an applicant has a prior felony conviction which is specifically identified as one that is detrimental to the Medicare program, the application is denied. Therefore, even if the regulation were ambiguous, the Court affords substantial deference to CMS's interpretation that felony health care fraud is "per se detrimental" to the Medicare program.

Plaintiff does not dispute that he pled guilty to felony health care fraud, nor does he dispute that this conviction falls within the ten years preceding his application. Therefore, substantial evidence supported CMS's decision to deny Plaintiff's application for re-enrollment based on his health care fraud conviction. 42 C.F.R. § 424.530(a)(3). Because 42 C.F.R. § 424.530(a)(3) is unambiguous, and because substantial evidence supports CMS's denial of Plaintiff's re-enrollment application, the Court affirms the Secretary's decision.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Alex M. Azar, II's motion (Doc. 34) for

judgment on the record is GRANTED, Dr. Tomlinson's motion (Doc. 30) for summary judgment is DENIED, and this case is DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 23rd day of January, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE